**PORZIO, BROMBERG & NEWMAN, P.C.**
Roy Alan Cohen, Esq. -  023061982
Jennifer A. Kelliher, Esq. - 167492015
100 Southgate Parkway
Morristown, NJ 07962-1997
Tel.: (973) 538-4006
Fax: (973) 538-5146
racohen@pbnlaw.com
jakelliher@pbnlaw.com
Attorneys for Defendant Huhtamaki Americas, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA SERRA,<br><br>Plaintiff,<br><br>v.<br><br>CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),<br><br>Defendants. | Civil Case No.<br><br>CIVIL ACTION<br><br>**NOTICE OF REMOVAL**<br><br>**Removed from New Jersey Superior Court, Law Division, Essex County<br>Docket No. ESX-L-1938-22**<br><br>*Document Filed Electronically* |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Huhtamaki Americas, Inc. (hereinafter referred to as "Huhtamaki Americas"), and Defendants, "Chinet", "The Chinet Brand", and "Huhtamaki", improperly named and pled in the Complaint because they are not legal corporate entities, hereby removes to this Court the above-captioned

7075417

matter, which is pending in the Superior Court of New Jersey, Law Division, Essex County, under Docket No. ESX-L-1938-22. Removal is proper based on diversity jurisdiction as follows:

**A.     Background**

1.     On March 28, 2022, Plaintiff, Patricia Serra, a citizen of New Jersey, filed this personal injury action, designated Docket No. ESX-L-1938-22, in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action"). A true and correct copy of the Complaint and Case Information Sheet in the State Court Action is attached as **Exhibit "A".**

2.     To the best of our knowledge, other than Huhtamaki, Chinet, The Chinet Brand and the fictitiously named parties, Defendant, Huhtamaki Americas, and the Stop & Shop Defendants are the only proper defendants in this action. Complete diversity is present as Plaintiff is a citizen of the State of New Jersey, Defendant, Huhtamaki America, is a Delaware corporation with its principal place of business in Kansas, and to the best of our knowledge, the Stop & Shop Supermarket Company LLC is a Foreign Limited Liability Company, with its sole member being Ahold Delhaize U.S.A., Inc. Ahold Delhaize U.S.A., Inc. is a Delaware Corporation with its principal place of business at 1385 Hancock Street, Quincy, Massachusetts, 02169.

3.     Plaintiff's Complaint alleges that on or about March 29, 2020, Plaintiff suffered "serious and permanent personal injuries" as a result of a burn due to an allegedly defective Chinet Hot Cup. Plaintiff also alleges that she "suffered and will in the future suffer great pain, she has and will in the future be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before." *See* Exhibit **"A,"** Complaint at ¶¶ 1,7.

4.     Copies of the Summons and Complaint were served on Defendant, Huhtamaki Americas, on or about August 10, 2022.

7075417

5. Upon information and belief, the Stop & Shop Defendants and Ahold Delhaize USA, Inc., were served on April 27, 2022; and default was entered against these Defendants on August 25, 2022. A true and correct copy of the Affidavits of Service filed in the State Court Action are attached as Exhibit **"B"** and the case summary attached as Exhibit **"C"**.

6. Pursuant to 28 U.S.C. § 1446(b), this Notice must be filed within thirty (30) days of Huhtamaki Americas' receipt of service of the Summons and Complaint, or by September 9, 2022. As this Notice is being filed on September 2, 2022, this removal is timely.

7. The time for the Defendant, Huhtamaki Americas, to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

8. Pursuant to 28 U.S.C. §1447(b), Defendant, Huhtamaki Americas, has attached true and correct copies of "all records and proceedings" in the State Court Action as Exhibits **"A"**, **"B"**, and **"C"**.

9. 28 U.S.C. § 1446(b) requires all Defendants who have been properly joined and served to consent to removal of the action. Defendants, Stop & Shop Supermarket Company LLC and Ahold Delhaize USA, Inc., have consented to the removal.

10. Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Superior Court, Law Division, Essex County and served on Plaintiff's counsel. A copy of the Notice of Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Essex County is attached hereto as Exhibit **"D"**.

11. By filing a Notice of Removal in this matter, the Removing Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and the Removing Defendant specifically reserves the right to assert any defenses

and/or objections to which it may be entitled, including but not limited to, the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

### B. Diversity of Citizenship

13. Upon information and belief, at the time this action was filed and at all times since, Plaintiff was, and is, a citizen of the State of New Jersey. *See* unnumbered introductory paragraph to Plaintiff's Complaint, attached as Exhibit **"A."**

14. Removing Defendant, Huhtamaki Americas, is incorporated in Delaware and has its principal place of business in DeSoto, Kansas.

15. Upon information and belief, the Stop & Shop Supermarket Company LLC, is a Foreign Limited Liability Company, with its sole member being Ahold Delhaize U.S.A., Inc. Ahold Delhaize U.S.A., Inc. is a Delaware Corporation with its principal place of business at 1385 Hancock Street, Quincy, Massachusetts, 02169. Therefore, Stop & Shop Supermarket Company, LLC, is a citizen of the State of Delaware and State of Massachusetts. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("A corporation's citizenship derives, for diversity purposes, from its State of incorporation and principal place of business. It is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.").

16. The citizenship of defendants sued under fictitious names is disregarded for the purposes of demonstrating complete diversity of the parties for purposes of removal. *See* 28 U.S.C. § 1441(a).

7075417

**B.**     <u>**Amount in Controversy Requirement**</u>

17.     On the face of the Complaint, the $75,000 amount-in-controversy requirement is satisfied.  *See* 28 U.S.C. §§ 1332(a).  As the Supreme Court has clarified, a notice of removal to federal court under 28 U.S.C. § 1446(a) need only include a <u>plausible</u> allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

18.     Here, Plaintiff filed a Statement of Damages with her Complaint claiming $500,000 in damages, clearly in excess of the $75,000 jurisdictional limit.  *See* Ex. **"A,"** at Page 19 of 29.  Further, Plaintiff alleges serious bodily injuries and/or chronic or permanent medical conditions, courts have readily found that the amount-in-controversy requirement is satisfied.  *See Montilus v. Munoz*, Civil Action No. 09–4143 (SRC), 2009 WL 3246609, at *2 (D.N.J. Oct. 6, 2009); *Raspa v. Home Depot,* 533 F. Supp. 2d 514, 522 (D.N.J. Dec. 21, 2007); *Kolokowski v. Crown Equip. Corp.*, Civil Action No. 05-4257, 2005 WL 3320777, at *3 (D.N.J. Dec. 6, 2005).)  Accordingly, it is evident from the face of the Complaint and the Statement of Damages that the amount in controversy exceeds $75,000.

**C.**     <u>**Conclusion**</u>

19.     Since complete diversity exists and the amount in controversy exceeds $75,000, Huhtamaki Americas has satisfied the requirements for removal pursuant to 28 U.S.C. § 1332.  Accordingly, Defendant requests that this Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate order to achieve the removal of this case from the Superior Court of New Jersey, Law Division,

Essex County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served.

Dated: September 2, 2022

        Respectfully submitted,

        **PORZIO, BROMBERG & NEWMAN, P.C.**
        Attorneys for Defendant Huhtamaki Americas, Inc.

By: *s/Roy Alan Cohen*
     Roy Alan Cohen, Esq.
     Jennifer A. Kelliher, Esq.
     Attorneys of the Firm
     100 Southgate Parkway
     Morristown, NJ 07962-1997
     Tel.: (973) 538-4006
     Fax: (973) 538-5146
     racohen@pbnlaw.com
     jakelliher@pbnlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on this date a copy of the foregoing was served upon counsel for Plaintiff, by eletronic mail addressed as follows:

Peter J. De Frank, Esq.
De Frank Law Group
50 Packanack Lake Road
Wayne, NJ 07470
pdefrank@defranklawgroup.com
ecourts@defranklawgroup.com


Dated:  September 2, 2022             By: */s/ Roy Alan Cohen*
                                          ROY ALAN COHEN

7075417