# EXHIBIT A

**DE FRANK LAW GROUP, LLC.**
**PETER J. DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 -5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **PATRICIA SERRA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),**<br><br>*Defendant(s).* | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.: ESX-L-**<br><br>*Civil Action*<br><br>**COMPLAINT, DEMAND FOR TRIAL BY JURY, DESIGNATION OF TRIAL ATTORNEY, DEMAND FOR ANSWERS TO INTERROGATORIES; NOTICE TO PRODUCE** |

Plaintiff, **PATRICIA SERRA, residing in POMPTON LAKES, NEW JERSEY,**

complaining against **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI,**

**HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE**

**STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888,**

**THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP**

**SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE**

**USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties),**

**ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** through counsel says the following:

### FIRST COUNT

1.      On or about **March 28, 2020**, Plaintiff **PATRICIA SERRA**, was caused to be injured/burned due to a defective CHINET HOT CUP.

2.      At all relevant times herein, **DEFENDANTS CHINET and THE CHINET BRAND** has its principal place of business in De Soto, KS.

3.      At all relevant times herein, **DEFENDANTS HUHTAMAKI, HUHTAMAKI AMERICAS, INC.** is a company/corporation based in Finland.

4.      At all relevant times herein**, DEFENDANTS THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC,** conduct business in the state of New Jersey**,** including Essex County.

5.      At all relevant times, **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT**

**MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** violated the New Jersey Product Liability Act in that it designed, manufactured, created, distributed, marketed, produced, inspected, maintained, serviced, packaged and/or sold a defective product that was inappropriate for its intended use including, but not limited to, a product with inadequate design, insufficient warnings, inadequate instructions, and inadequate safety features.

6.     The acts and/or omissions of **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** as aforesaid, violated the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq, in that it **and other applicable PRODUCTS LIABILITY ACTS IN THE FORM OF A Chinet cup/hot cup.**

7.     As the direct and proximate result of the violation of the NEW JERSEY Product Liability Act, as aforesaid, by **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY**

**LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties), PLAINTIFF** was/were caused to suffer serious and permanent personal injuries.  She has suffered and will in the future suffer great pain, she has and will in the future be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before.

**WHEREFORE**, Plaintiff, demands judgment against the **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** jointly, severally or in the alternative in the amount of her damages together with interest and costs of suit.

<u>**SECOND COUNT**</u>

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

2.      At all relevant times, **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP &**

SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties), negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, inspected, serviced, maintained, packaged and/or sold a defective product that was inappropriate for its intended use.

3.      At all relevant times, **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, inspected, serviced, maintained, packaged and/or sold a defective product such as a Chinet cup/hot cup.

4.      As the direct and proximate result of the violation of the NEW JERSEY Product Liability Act, N.J.S.A. 2A:58C-1, as aforesaid, by **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP &**

**SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties), PLAINTIFF** was caused to suffer serious and permanent personal injuries.  She has suffered and will in the future suffer great pain, she has and will in the future be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before.

**WHEREFORE**, Plaintiff, demands judgment against the **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

2.     At said time and place, Plaintiff, **PATRICIA SERRA**, was caused to be injured as a result of a defective cup due to the negligence, carelessness, and/or recklessness of the Defendants, **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties).**

3.     At all relevant times, **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** violated, including, but not limited to, the New Jersey Product Liability Act in that it designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold a defective product that was inappropriate for its intended use including, but not limited to, a product with inadequate design, insufficient warnings, inadequate instructions, and inadequate safety features.

4.     The acts/omissions of **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** as aforesaid, violated, including, but not limited to, the **New Jersey Product Liability Act, N.J.S.A. 2A:58C-1,** et seq, **and other applicable PRODUCTS LIABILITY ACTS IN THE FORM OF a** Chinet cup/hot cup.

5.     As the direct and proximate result of violations of the NEW JERSEY Product Liability Act, as aforesaid, by **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties), PLAINTIFF** was caused to suffer serious and permanent personal injuries.  She has suffered and will in the future suffer great pain, she has and will in the future

be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before.

**WHEREFORE**, Plaintiff, demands judgment against the **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** jointly, severally or in the alternative in the amount of her damages together with interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof

2.      At all relevant times, **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS**

**1-10 (fictitious parties),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, inspected, serviced, maintained, packaged and/or sold a defective product that was inappropriate for its intended use.

3.      At all relevant times, **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, inspected, serviced, maintained, packaged and/or sold a defective product such as a Chinet cup/hot cup.

4.      The acts/omissions of **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** as aforesaid, violated, including, but not limited to, the **New Jersey**

Product Liability Act, N.J.S.A. 2A:58C-1, et seq, **and other applicable PRODUCTS LIABILITY ACTS IN THE FORM OF a** Chinet cup/hot cup**.**

5.        As the direct and proximate result of violations of the NEW JERSEY Product Liability Act, as aforesaid, by **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** PLAINTIFF was caused to suffer serious and permanent personal injuries.  She has suffered and will in the future suffer great pain, she has and will in the future be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before.

**WHEREFORE**, Plaintiff, demands judgment against the **DEFENDANTS CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT**

**DISTRIBUTORS 1-10 (fictitious parties),** jointly, severally or in the alternative in the amount

of her damages together with interest and costs of suit.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

*/s/ Peter J. De Frank*

Dated: March 27, 2022                    BY: _____

**PETER DE FRANK, ESQ.**

## JURY DEMAND

Pursuant to <u>R</u>. 1:8-2(b), Plaintiff hereby demands a Trial by Jury on all the issues raised in the within Pleadings.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

*/s/ Peter J. De Frank*

Dated: March 27, 2022                BY: _____

**PETER DE FRANK, ESQ.**

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>R</u>. 4:25-4, PETER J. DE FRANK, is designated as trial counsel.

## TIME UNIT RULE

Plaintiff(s) intend to use the Time Unit Rule Pursuant to <u>R</u>. 1:7-1(b).

## **<u>CERTIFICATION</u>**

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

*/s/ Peter J. De Frank*

Dated: March 27, 2022                    BY: _____
**PETER DE FRANK, ESQ.**

**DE FRANK LAW GROUP, LLC.**
**PETER J. DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 -5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **PATRICIA SERRA,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),**<br><br>*Defendant(s).* | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.: ESX-L-**<br><br>*Civil Action*<br><br>**DEMAND FOR THE DISCOVERY OF INSURANCE COVERAGE** |

Pursuant to R. 4:10-2(b), demand is hereby made that the Defendants, disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  This request applies also to information regarding excess, umbrella, or other supplemental insurance policies available to each Defendant.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

Dated: March 27, 2022

*/s/ Peter J. De Frank*

BY: _____
**PETER DE FRANK, ESQ.**

**DE FRANK LAW GROUP, LLC.**
**PETER J. DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 -5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **PATRICIA SERRA,** <br><br> *Plaintiff,* <br><br> v. <br><br> **CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** <br><br> *Defendant(s).* | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY** <br><br> **DOCKET NO.: ESX-L-** <br><br> *Civil Action* <br><br> **DEMAND FOR THE PRODUCTION STATEMENTS** |

Pursuant to R. 4:10-2(c), demand is hereby made that the Defendants, disclose to the defendants provide the attorney filing this pleading with true and complete copies of any and all statements by any and all parties, witnesses, and persons with knowledge regarding the subject matter of this case.  If your claim is of "privilege," your response must still identify the date of the statement, the individuals providing and receiving the statement, and the reason you assert that the statement is privileged.  This includes oral and written statements.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

/s/ Peter J. De Frank

Dated: March 27, 2022                    BY: _____
                                         **PETER DE FRANK, ESQ.**

**DE FRANK LAW GROUP, LLC.**
**PETER J. DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 -5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **PATRICIA SERRA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),**<br><br>*Defendant(s).* | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.: ESX-L-**<br><br>*Civil Action*<br><br>**STATEMENT OF DAMAGES** |

Pursuant to <u>R.</u> 4:5-2 the following is the amount of damages claimed in the above entitled action:

$500,000

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

*/s/ Peter J. De Frank*

Dated: March 27, 2022          BY: _____
                               **PETER DE FRANK, ESQ.**

## <u>DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES</u>

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to **Uniform Interrogatories Form C and Form C(1)** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached **Supplemental Interrogatories** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**DE FRANK LAW GROUP, LLC.**
**PETER J. DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 -5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **PATRICIA SERRA,** <br><br> *Plaintiff,* <br><br> v. <br><br> **CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),** <br><br> *Defendant(s).* | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY** <br><br> **DOCKET NO.: ESX-L-** <br><br> *Civil Action* <br><br><br> **SUPPLEMENTAL INTERROGATORIES** |

S1.  If you contend or will contend that the permanency of Plaintiff's injuries should not be evidential or be considered by the finder of fact, state with detail and with particularity and specificity each and every basis of fact or law upon which you will rely to support such contention.

ANSWER:


S2.    Please identify any and all acknowledged and/or alleged prior personal injury incidents to any individuals within the last seven years involving a CHINET hot cup.

Your answer should include the name(s) of the individual(s) who allegedly fell, the date of the incident(s), identify the manager(s) on duty at the time of the accident, the location of the fall(s) as precisely as possible, the circumstances under which the fall(s) allegedly occurred, and whether

a lawsuit was filed, or the matter was settled out of court.  If a lawsuit was filed, please provide the court docket number, the name of the plaintiff, identify the attorneys involved in the lawsuit, and the status/results of the litigation.  You answer should also identify slip and fall accidents in which an individual never made a claim for injuries as well, including cases where suit was never filed, and the matter was not subject to a settlement prior to suit.

ANSWER:

S3.     Please identify, list by page, and provide any and all documents in which you contend support that any prior or subsequent injury or condition caused any of Plaintiff's claimed injuries if it is your contention.

<u>CERTIFICATION</u>

      I hereby certify that the foregoing answers to interrogatories are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

      I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

_____

DATED:

**DE FRANK LAW GROUP, LLC.**
**PETER J. DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 -5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **PATRICIA SERRA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties),**<br><br>*Defendant(s).* | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.: ESX-L-**<br><br>*Civil Action*<br><br>**NOTICE TO PRODUCE** |

## DEFINITIONS AND INSTRUCTIONS

1.      The term "plaintiff" or "plaintiffs" refers to each plaintiff in this action include a personal representative, the term "plaintiff" refers to the decedent represented.

2.      The term "documents" means all writings of any kind, including the originals, all copies, and all non-identical copies, whether different from the original by reason of any notation made on such copies, or otherwise and includes, without limitation, agenda, announcements, photographs, audit sheets, agreements, accountant's worksheets, bids, bills, books, brochures, bulletins, contracts, communications, computer print-outs, correspondence, checks, charts, diaries, drafts, estimates, graphs, inter and intra-office communications, invoices, letters, memoranda, manuals, minutes or summaries of meeting, MAG cards, MTST tapes, floppy disks, notes, notations of telephone calls, offers, proposals, prospectuses, returns, resolutions,

statements (including without limitation, checking accounts, savings accounts, certified and uncertified financial) sketches, schedules, studies, statistics, stenographic notes, summaries, tabulations, tax returns (including without limitation federal, state and local tax returns, federal and state gift tax returns and federal and state estate tax returns), telephone call slips, telegrams, telexes, teletypes, worksheets, periodicals, drawings, accounting journals, purchase orders, inventory records or cards, traveling requisitions and bills of lading.

3.       The term "document" includes all drafts' alterations, modifications, changes, and amendments of any of the items listed in Paragraph 2 and includes graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motions pictures) and electronic, mechanical, or electric records or representations of any kind (including without limitation tapes, cassettes, discs, recordings).

4.       The term "documents" refers to all items set forth in Paragraphs 2 and 3 above, known to or in the possession, custody of the recipient of this notice or subpoena, or any of its officers, directors, agents, attorneys, servants, employees, or representatives, and every such documents which can be located or discovered by reasonably diligent efforts.

5.       The term "defendant" means any and all defendants in the within action.  Note, however, that in responding to the within request, plaintiffs should indicate to which of the specific plaintiffs the documents relate.

6.       This request is continuing request throughout the course of the litigation of the above-captioned matter.  Accordingly, if at any time information requested herein becomes known to defendants such information is to be forwarded to counsel for this plaintiff.

7.       Defendants are to respond separately, within thirty days, to each paragraph of this request.

## DOCUMENTS REQUESTED

1.      Any and all statements made by any party to this lawsuit, their agents, representatives, or employees, whether written or oral.  If you are claiming a privilege, please state so specifically.  Nonetheless, the existence of a statement, including the date taken must be provided.

* If you claim privileged, you must state so specifically.  Your answer must still identify the existence of any and all statements, including the date of the statement, the individuals making said statement(s), and individuals present for said statement.

2.      Any and all oral and written statements made by any witnesses to the events described in any and all of the paragraphs of the cause of action.

* If you claim privileged, you must state so specifically.  Your answer must still identify the existence of any and all statements, including the date of the statement, the individuals making said statement(s), and individuals present for said statement.

3.      Any and all statements made by any person other than witnesses or parties which relate or refer in any way to the cause of action.

* If you claim privileged, you must state so specifically.  Your answer must still identify the existence of any and all statements, including the date of the statement, the individuals making said statement(s), and individuals present for said statement.

4.      Any and all written reports rendered by plaintiff (s) and defendant (s) proposed expert witnesses, including, but not limited to any medical expert witnesses intended or not intended to be called at the time of trial.

5.      Any and all books, treaties, commentaries, reports, statutes, codes, ordinances, rules, regulations, or other published documents referred to and utilized by or relied upon by any expert witness whom plaintiff(s) and defendants (s) intend(s) to call at trial.

6.      Any and all blueprints, charts diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses whom plaintiff(s) and defendant(s) intend(s) to call at time of trial.

7.      Photostat copy of any photographs or surveys of the scene of the accident or of any objects or persons involved therein whether in the possession of the attorney, or in the possession of any representatives of the insurance carriers, taken on the date of the incident, within the three (3) months prior or subsequent to the incident, and taken in furtherance of an investigation of the incident.

8.      A copy of any and all written report or summaries of oral reports, as well as copies of the curriculum vitae, of any and all experts that have been supplied to plaintiff's and defendant's attorneys, whose testimony will be offered at time of the Trial in the above captioned matter.

9.      A copy of any and all emergency room records and bills, as well as other hospital medical records and bills regarding any medical treatment received by plaintiff(s) which is alleged to relate to any injuries sustained.

10.      Police or other Municipal, County, State or Federal investigative reports.

11.      All liability experts' reports.

12.      Any documents obtained from any party or any of its agencies, branches, or subdivisions.

13.      Copies of any statements obtained from any witnesses, any party, any party's investigators, agents, servants, or employees; if oral, a complete summary of same.

14.      Copies of any and all medical reports and bills from treating, consulting, or examining physicians.

15.      Copies of any and all diagnostic tests, reports, summaries, and bills.

16.      Copies of all interrogatories exchanged by the parties.

17.      Copies of all depositions conducted in the case.

18.      Copies of all Requests for Admissions and responses exchanged.

19.      Copies of any Demands to Produce and responses exchanged.

20.      Copies of all Court Orders.

21.      Copies of any scheduling notice in this matter.

22.      If amended pleadings have been filed, copies of all original pleadings.

23.      Provide a detailed summary and/or provide any supporting documents relating to or demonstrating all insurance benefits available to the defendant as a result of this incident together with a summary of benefits paid to date.

24.      Attach hereto copies of any and all documents demonstrating income continuation benefits or disability benefits of any kind and from any source to which the defendant was entitled as a result of this incident together with a summary or documents indicating benefits paid to date.

25.      Provide a copy of any and all videotape recordings, photographs, films, visual reproductions of the plaintiff or any object, place or thing made in connection with this matter.

26.    A copy of any and all incident reports for the incident that forms the basis for Plaintiff's Complaint.

27.    Copies of any and all reports, memos, logs, and minutes generated from investigations of the incident that forms the basis for Plaintiff's Complaint.

28.    Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules/materials in effect on the date of the incident including, but not limited to, contracts and correspondences regarding the Chinet cup/hot cup including, but not limited to, the creation, manufacture, design, distribution, marketing, production, inspection, packaging, and/or selling of the defective product set forth in Plaintiff's Complaint.

30.    Copies of any and all contracts by and between the parties within the past five (5) years.

29.    Copies of any and all emails, letters, correspondence, and/or any other communications between all parties in this case, including their agents, servants, claims administrators, and/or employees within the last five (5) years regarding Chinet cup/hot cup including, but not limited to, the creation, manufacture, design, distribution, marketing, production, inspection, packaging, and/or selling of the defective product set forth in Plaintiff's Complaint within the last five (5) years.

**31.**    Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules/materials that all address the safety of customers purchasing said product referenced in Plaintiff's Complaint**.**

32.    Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules/materials provided to the employees who were working on the date of the incident regarding the gates/doors and their counterparts including, but not limited to, the installation, repairs, maintenance, safety, inspection and upkeep.

33.    Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules/materials provided to the owners, managers, and employees who were present on the date of the incident, and the date prior to the incident, pertaining to recommended policy and procedures regarding unsafe conditions removal/inspection/prevention, property management, operations, safety, and upkeep of the interior and exterior of the premises, including but not limited to, the gates/doors and their counterparts.

34.    Copies of any and all documents reflecting any checklists/logs for unsafe conditions removal/inspection/prevention, property management, operations, safety, and upkeep of the interior and exterior of the premises, including but not limited to, the gates/doors and their counterparts, for the date of the incident, the six months prior, and the three months after the incident, while employees/staff members perform his or her job duties.

30.    Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules/materials that at all relate to operations that were in place, effective, and/or in

circulation at the time of the incident to prevent unsafe conditions caused by Chinet cup/hot cup, but not limited to, during their creation, manufacture, design, distribution, marketing, production, inspection, packaging, and/or selling of the defective product set forth in Plaintiff's Complaint.

31.      Copies of any and all documents, including correspondence(s) and invoice(s) between the parties regarding Chinet cup/hot cup including, but not limited to, the creation, manufacture, design, distribution, marketing, production, inspection, packaging, and/or selling of the defective product set forth in Plaintiff's Complaint, within the last five (5) years.

32.      A copy of any and all pleadings from any and all personal injury cases in which any defendant was named as a defendant for incidents with defective products, including but not limited to, Chinet cup/hot cup including, but not limited to, the creation, manufacture, design, distribution, marketing, production, inspection, packaging, and/or selling of the defective product set forth in Plaintiff's Complaint, within the last seven (7) years.

35.      Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules that containing the number of lawsuits filed against each defendant claiming personal injuries within the last five (5) years.

36.      Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules referencing the elimination of and or limiting of personal injury incidents within the last seven (7) years.

37.      Copies of any and all pictures depicting the defective product, the subject of the instant matter.

38.      Copies of any and all investigation reports regarding the present matter.

39.      Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules/materials that at all relate to the procedures/policies in the event that an individual is injured while using a Chinet cup/hot cup.

40.      `Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, or other published documents referred to, utilized by, and/or relied upon by any expert witness that any party intends to call at the time of arbitration and/or trial.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

*/s/ Peter J. De Frank*

Dated: March 27, 2022                    BY: _____
                                         **PETER DE FRANK, ESQ.**

# Civil Case Information Statement

### Case Details: ESSEX | Civil Part Docket# L-001938-22

**Case Caption:** SERRA PATRICIA  VS CHINET

**Case Initiation Date:** 03/28/2022

**Attorney Name:** CORTNEY L JONKER

**Firm Name:** DE FRANK LAW GROUP, LLC.

**Address:** 50 PACKANACK LAKE RD EAST

WAYNE NJ 07470

**Phone:** 9736961900

**Name of Party:** PLAINTIFF : SERRA, PATRICIA

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: PATRICIA SERRA?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/28/2022

Dated

/s/ CORTNEY L JONKER

Signed

# EXHIBIT B

SERRA, PATRICIA et al.    Plaintiff

      vs.

Chinet et al.       Defendant

Superior Court of New Jersey
Venue ESSEX
Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
The Stop & Shop Supermarket #2818
25 Kinnelon Road
Kinnelon, NJ 07405

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

**Attorney:**

Peter De Frank, Esq.

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Papers Served:**
Summons and Complaint
**Service Data:**
Served Successfully ✓  Not Served _____

Date: 4/27/22 Time: 1145 AM

Attempts: _____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household
member over 14 years of age residing
therein (indicate name & relationship at right)

✓ Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(Indicate name & official title at right)

Name of Person Served and relationship / title:

ALISON PASSERO

ASST MGR

**Description of Person Accepting Service:**

Sex: F Age: 35 Height: 5'5" Weight: 130 Skin Color: LT Hair Color: DK

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
    _____ Date _____ Time
( ) Other:_____ Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this 2022
27 day of APRIL

_Ronald J Hall_
Notary Signature
Name of Notary / commission expiration 10/19/25

RONALD J. HALL
NOTARY PUBLIC OF NEW JERSEY
ID # 2453805
My Commission Expires 10/19/2025

MITCH DALOISIO
I, <Name of Server>, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that
the foregoing is true and correct.

_signature_ 4/27/22
Signature of Process Server  Date

<Private Server's name, address and telephone number.>

Affidavit of Service (9/30/02)

SERRA, PATRICIA et al.                    Plaintiff
                          vs.
Chinet et al.                             Defendant

Superior Court of New Jersey
Venue ESSEX
Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
The Stop & Shop Supermarket #0860
4 Union Avenue
Haskell, NJ 07420

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

**Attorney:**

Peter De Frank, Esq.

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Papers Served:**
Summons and Complaint
**Service Data:**
Served Successfully ✓      Not Served _____

Date: 4/27/22   Time: 11 30 p n

Attempts: _____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household
          member over 14 years of age residing
          therein (indicate name & relationship at right)

✓ Left a copy with a person authorized to
   accept service, e.g., managing agent,
   registered agent, etc.
   (Indicate name & official title at right)

Name of Person Served and relationship / title:

JUAN OROSCO / _____

STORE MGR

**Description of Person Accepting Service:**

Sex: M   Age: 40   Height: 5'8"   Weight: 180   Skin Color: Med   Hair Color: DK

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                    _____ Date _____ Time
( ) Other: _____ Comments or Remarks _____

**Server Data:**

Subscribed and Sworn to me this
27 day of APRIL 2022

Ronald J Hall

Notary Signature
Name of Notary / commission expiration

RONALD J. HALL
NOTARY PUBLIC OF NEW JERSEY
ID # 2453805
Commission Expires 10/19/2025

MITCH DALGISIO
I, <Name of Server>, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that
the foregoing is true and correct.

_____ 4/27/22
Signature of Process Server          Date

<Insert Private Server's name, address and telephone number.>

Affidavit of Service (9/30/02)

SERRA, PATRICIA et al.                    Plaintiff

        vs.

Chinet et al.                             Defendant

Superior Court of New Jersey
Venue ESSEX
Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
The Stop & Shop Supermarket Company LLC.
1220 Hamburg Turnpike
Wayne, NJ 07470

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

**Attorney:**

Peter De Frank, Esq.

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Papers Served:**
Summons and Complaint

**Service Data:**

Served Successfully ___✓___     Not Served _____     Date: __4/27/22__ Time: _1100 AM_

Attempts: _____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household
member over 14 years of age residing
✓ therein (indicate name & relationship at right)

_____ Left a copy with a person authorized to
accept service, e.g., managing agent.
registered agent, etc.
(Indicate name & official title at right)

Name of Person Served and relationship / title:

_BOB UNGER/_

_N.P.   MGR_

**Description of Person Accepting Service:**

Sex: _M_  Age: _60_  Height: _5'10"_  Weight: _200_  Skin Color: _LT_  Hair Color: _DK_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
_____Date _____Time
( ) Other:_____ Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this _2022_
_27_ day of __APRIL__

_Ronald J Hall_

Notary Signature
Name of Notary / commission expiration _10/19/25_

_MITCH DALOISIO_
I, <Name of Server>, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that
the foregoing is true and correct.

_~~~~~_  _4/27/22_

Signature of Process Server          Date

RONALD J HALL
NOTARY PUBLIC OF NEW JERSEY
ID # 2453805
My Commission Expires 10/19/2025

<Insert Private Server's name, address and telephone number.>

Affidavit of Service (9/30/02)

SERRA, PATRICIA et al.                    Plaintiff          Superior Court of New Jersey
                          vs.                                Venue ESSEX
Chinet et al.                             Defendant          Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
Ahold Delhaize USA, Inc.                              **AFFIDAVIT OF SERVICE**
1220 Hamburg Turnpike                                 (For Use by Private Service)
Wayne, NJ 07470

**Attorney:**                                         Cost of Service pursuant to R. 4:4-3(c)

Peter De Frank, Esq.
                                                      $ _____
**Papers Served:**
Summons and Complaint
**Service Data:**
Served Successfully ✓     Not Served _____   Date: __4/27/22__ Time: __11:00AM__
_____
                                                      Attempts: _____

_____ Delivered a copy to him / her personally     Name of Person Served and relationship / title:

_____ Left a copy with a competent household        __BOB UNGER /__
        member over 14 years of age residing
        therein (indicate name & relationship at right)      __N.P. MGR__

✓ Left a copy with a person authorized to
        accept service, e.g., managing agent,
        registered agent, etc.
        (Indicate name & official title at right)

**Description of Person Accepting Service:**

Sex: __M__   Age: __60__   Height: __5'10"__   Weight: __200__   Skin Color: __LT__   Hair Color: __DK__

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
                    _____ Date _____ Time
( ) Other:_____ Comments or Remarks_____
                                        __MITCH DIMAISIO__
**Server Data:**
                                2022    I, <Name of Server>, was at the time of service a
Subscribed and Sworn to me this        competent adult not having a direct interest in the
__27__ day of __APRIL__                litigation. I declare under penalty of perjury that
                                       the foregoing is true and correct.

_Ronald J Hall_                        _____ 4/27/22
Notary Signature                       Signature of Process Server          Date
Name of Notary / commission expiration  __10/19/25__

RONALD
NOTARY PUBLIC OF NEW JERSEY
ID # 2453805
Commission Expires 10/19/2025

<Insert Private Server's name, address and telephone number.>

Affidavit of Service (9/30/02)

SERRA, PATRICIA et al.                    Plaintiff          Superior Court of New Jersey
                     vs.                                     Venue ESSEX
Chinet et al.                             Defendant          Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
The Stop & Shop Supermarket LLC.                            **AFFIDAVIT OF SERVICE**
1220 Hamburg Turnpike                                       (For Use by Private Service)
Wayne, NJ 07470

**Attorney:**                                              Cost of Service pursuant to R. 4:4-3(c)

Peter De Frank, Esq.
                                                           $ _____
**Papers Served:**
Summons and Complaint
**Service Data:**
Served Successfully ✓    Not Served _____   Date: __4/27/22__ Time: _11.00A_

                                                                    Attempts: _____

_____ Delivered a copy to him / her personally          Name of Person Served and relationship / title:

_____ Left a copy with a competent household             _BOB UNGER/_
        member over 14 years of age residing
        therein (indicate name & relationship at right)    _N. P.    MGR_

✓       Left a copy with a person authorized to
        accept service, e.g., managing agent,
        registered agent, etc.
        (Indicate name & official title at right)

**Description of Person Accepting Service:**

Sex: _M_  Age: _60_  Height: _5'10"_ Weight: _200_ Skin Color: _LT_ Hair Color: _DK_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
                    _____ Date _____ Time
( ) Other:_____ Comments or Remarks_____

**Server Data:**                                          _11 15CH DALVISIO_

                                    2022                   I, <Name of Server>, was at the time of service a
Subscribed and Sworn to me this                            competent adult not having a direct interest in the
_27_ day of _APRIL_                                        litigation. I declare under penalty of perjury that
                                                           the foregoing is true and correct.

_Ronald J Hall_                                            _____  4/27/22
                                                           Signature of Process Server          Date
Notary Signature
Name of Notary / commission expiration _10/19/25_

RONALD J. HALL        <Insert Private Server's name, address and telephone number.>
NOTARY PUBLIC OF NEW JERSEY
ID # 2453805
Commission Expires 10/19/2026
                                                           Affidavit of Service (9/30/02)

SERRA, PATRICIA et al.                    Plaintiff

                        vs.

Chinet et al.                             Defendant

Superior Court of New Jersey
Venue ESSEX
Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
The Stop & Shop Company LLC.
1220 Hamburg Turnpike
Wayne, NJ 07470

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

**Attorney:**

Peter De Frank, Esq.

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Papers Served:**
Summons and Complaint
**Service Data:**
Served Successfully ✓      Not Served _____

Date: 4/27/22   Time: 11·00AM

Attempts: _____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household
member over 14 years of age residing
therein (indicate name & relationship at right)

✓ Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(Indicate name & official title at right)

Name of Person Served and relationship / title:

BOB UNGER /
        N.P. - MGR

**Description of Person Accepting Service:**

Sex: M   Age: 60   Height: 5'10"   Weight: 200   Skin Color: LT   Hair Color: DK

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                     _____ Date _____ Time
( ) Other: _____ Comments or Remarks
                              MITCH DALOISIO

**Server Data:**

Subscribed and Sworn to me this 2022
21 day of April

_R Neil J Hall_

Notary Signature
Name of Notary / commission expiration

RONALD J. HALL
NOTARY PUBLIC OF NEW JERSEY
ID # 2453805
Commission Expires 10/19/2025

I, <Name of Server>, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that
the foregoing is true and correct.

_____ 4/27/22

Signature of Process Server          Date

<Insert Private Server's name, address and telephone number.>

SERRA, PATRICIA et al.                  Plaintiff

                            vs.

Chinet et al.                           Defendant

Superior Court of New Jersey
Venue ESSEX
Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
The Stop & Shop Supermarket #0888
1220 Hamburg Turnpike
Wayne, NJ 07470

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

**Attorney:**

Peter De Frank, Esq.

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Papers Served:**
Summons and Complaint

**Service Data:**

Served Successfully ✓       Not Served _____       Date: __4/27/22__  Time: _1100 AM_

                                                    Attempts: _____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household
member over 14 years of age residing
therein (indicate name & relationship at right)

✓ Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(Indicate name & official title at right)

Name of Person Served and relationship / title:

_BOB  UNGER_/
_____ N.P MGR

**Description of Person Accepting Service:**

Sex: _M_   Age: _60_   Height: _5'10"_   Weight _200_   Skin Color: _LT_   Hair Color: _Dk_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
_____Date _____Time
( ) Other:_____ Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this     _2022_
_27_ day of _April_

_Ronald J Hall_

Notary Signature
Name of Notary / commission expiration     _10/19/25_

RONALD J HALL
NOTARY PUBLIC OF NEW JERSEY
ID # 2453805
My Commission Expires 10/19/2025

_MITCH  DALOISIO_
I, <Name of Server>, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that
the foregoing is true and correct.

_____ 4/27/22
Signature of Process Server              Date

<Insert Private Server's  name, address and telephone number.>

Affidavit of Service (9/30/02)

SERRA, PATRICIA et al.                     Plaintiff          Superior Court of New Jersey
                              vs.                             Venue ESSEX
Chinet et al.                              Defendant          Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
Huhtamaki                                                     **AFFIDAVIT OF SERVICE**
9201 Packaging Drive                                          (For Use by Private Service)
De Soto, KS 66018

**Attorney:**                                                Cost of Service pursuant to R. 4:4-3(c)

Peter De Frank, Esq.

                                                             $ _____
**Papers Served:**
Summons and Complaint
**Service Data:**
Served Successfully ☒     Not Served _____     Date: _8/10/22_ Time: 1:28 pm
_____
                                                             Attempts: _____

_____ Delivered a copy to him / her personally     Name of Person Served and relationship / title:

_____ Left a copy with a competent household       _Hope Winford_
         member over 14 years of age residing       _Authorized Agent_
         therein (indicate name & relationship at right)

☒ Left a copy with a person authorized to
   accept service, e.g., managing agent,
   registered agent, etc.
   (Indicate name & official title at right)

**Description of Person Accepting Service:**

Sex: _F_ Age: _535_ Height: _5'6"_ Weight: _140_ Skin Color: _W_ Hair Color: _Bro_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
                    _____ Date _____ Time
( ) Other:_____ Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this             I, <Name of Server>, was at the time of service a
_10_ day of _May_  _2022_                    competent adult not having a direct interest in the
                                            litigation. I declare under penalty of perjury that
                                            the foregoing is true and correct.

_signature_                                 _signature_          _8-10-22_
Notary Signature                            Signature of Process Server          Date
Name of Notary/Commission expiration
Roxanne Hidaka
My Appt. Expires _____
              <Insert Private Server's name, address and telephone number.>

                                                             Affidavit of Service (9/30/02)

SERRA, PATRICIA et al.                      Plaintiff          Superior Court of New Jersey

        vs.                                               Venue ESSEX

Chinet et al.                               Defendant          Docket Number ESX-L-1938-22

**Person to be served** (Name & Address):
Huhtamaki Americas, Inc.                                       **AFFIDAVIT OF SERVICE**
9201 Packaging Drive                                          (For Use by Private Service)
De Soto, KS 66018

**Attorney:**                                                 Cost of Service pursuant to R. 4:4-3(c)

Peter De Frank, Esq.
                                                              $ _____

**Papers Served:**
Summons and Complaint

**Service Data:**
Served Successfully __X__       Not Served _____    Date: _8/10/22_  Time: _1:28 pm_

_____                                         Attempts: _____

_____ Delivered a copy to him / her personally      Name of Person Served and relationship / title:

_____ Left a copy with a competent household        _Hope Winford_
member over 14 years of age residing                 _Authorized Agent_
therein (indicate name & relationship at right)

__X__ Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(Indicate name & official title at right)

**Description of Person Accepting Service:**

Sex: _F_  Age: _35_  Height: _5 6_  Weight: _140_  Skin Color: _W_  Hair Color: _Bro_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
                    _____ Date _____ Time
( ) Other:_____ Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this             I, <Name of Server>, was at the time of service a
_10_ day of _Aug._ _2022_                    competent adult not having a direct interest in the
                                             litigation. I declare under penalty of perjury that
                                             the foregoing is true and correct.

_Notary Signature_                           _Signature of Process Server_          _8-10-22_
Name of Notary, State of Kansas                                                      Date
    Roxanne Hidalgo
My Appt. Expires _____ My Commission expiration

       <Insert Private Server's name, address and telephone number.>

# EXHIBIT C

# Case Summary

**Case Number:** ESX L-001938-22

**Case Caption:** Serra Patricia  Vs Chinet

| | | |
|---|---|---|
| **Court:**  Civil Part | **Venue:**  Essex | **Case Initiation Date:**  03/28/2022 |
| **Case Type:**  Personal Injury | **Case Status:**  Active | **Jury Demand:**  6 Jurors |
| **Case Track:**  2 | **Judge:**  Mayra V Tarantino | **Team:**  2 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:**  0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:**  0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:**  0 |
| **Disposition Date:** | **Case Disposition:**  Open | **Statewide Lien:** |

**Plaintiffs**
**Patricia  Serra**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Cortney L Jonker |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 302832019 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** CJONKER@DEFRANKLAWGROUP.COM

**Defendants**
**The Stop & Shop Company Llc.**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Ahold Delhaize Usa,Inc.**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**John Does 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Jane Does 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Abc Corps 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Nufacture R Tuv Paper Product Ma**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Stributor S Xyz Paper Product Di**

**Party Description:** Fictitious

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Chinet**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**The Chinet Brand**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Huhtamaki**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Huhtamaki Americas,Inc.**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**The Stop&Shop Supermarket #281**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**The Stop&Shop Supermarket #086**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**The Stop&Shop Supermarket #088**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**The Stop & Shop Supermarket Co**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**The Stop & Shop Supermarket LI**

**Party Description:** Business

| | | |
|---|---|---|
| **Address Line 1:** | **Address Line 2:** | **Attorney Name:** |
| | | **Attorney Bar ID:** |
| **City:** **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 03/28/2022 | Complaint with Jury Demand for ESX-L-001938-22 submitted by JONKER, CORTNEY L, DE FRANK LAW GROUP, LLC. on behalf of PATRICIA SERRA against CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP&SHOP SUPERMARKET #281 ET AL. | LCV20221251234 | 03/28/2022 |
| 03/29/2022 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20221268339 | 03/29/2022 |
| 04/28/2022 | AFFIDAVIT OF SERVICE submitted by JONKER, CORTNEY, L of DE FRANK LAW GROUP, LLC. on behalf of PATRICIA SERRA against THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., THE STOP & SHOP SUPERMARKET LL, THE STOP&SHOP SUPERMARKET #086, THE STOP&SHOP SUPERMARKET #281 ET AL. | LCV20221710157 | 04/28/2022 |
| 08/06/2022 | LACK OF PROSECUTION DISMISSAL WARNING Notice submitted by Case Management | LCV20222850149 | 08/06/2022 |
| 08/22/2022 | AFFIDAVIT OF SERVICE submitted by JONKER, CORTNEY, L of DE FRANK LAW GROUP, LLC. on behalf of PATRICIA SERRA against HUHTAMAKI, HUHTAMAKI AMERICAS, INC. | LCV20223039099 | 08/22/2022 |
| 08/24/2022 | REQUEST FOR DEFAULT submitted by JONKER, CORTNEY, L of DE FRANK LAW GROUP, LLC. on behalf of PATRICIA SERRA against THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., THE STOP&SHOP SUPERMARKET #281, THE STOP&SHOP SUPERMARKET #086, THE STOP&SHOP SUPERMARKET #088 ET AL. | LCV20223070020 | 08/24/2022 |
| 08/25/2022 | Default has been entered against the following party/parties: THE STOP&SHOP SUPERM ARKET #28 1 | LCV20223090911 | 08/25/2022 |
| 08/25/2022 | Default has been entered against the following party/parties: THE STOP&SHOP SUPERM ARKET #08 6 | LCV20223090913 | 08/25/2022 |
| 08/25/2022 | Default has been entered against the following party/parties: THE STOP&SHOP SUPERM ARKET #08 8 | LCV20223090915 | 08/25/2022 |
| 08/25/2022 | Default has been entered against the following party/parties: THE STOP & SHOP SUPE RMARKET C O | LCV20223090917 | 08/25/2022 |
| 08/25/2022 | Default has been entered against the following party/parties: THE STOP & SHOP SUPE RMARKET L L | LCV20223090919 | 08/25/2022 |
| 08/25/2022 | Default has been entered against the following party/parties: THE STOP & SHOP COMP ANY LLC. | LCV20223090921 | 08/25/2022 |
| 08/25/2022 | Default has been entered against the following party/parties: AHOLD DELHAIZE USA, INC. | LCV20223090923 | 08/25/2022 |

# EXHIBIT D

**PORZIO, BROMBERG & NEWMAN, P.C.**
Roy Alan Cohen, Esq. -  023061982
Jennifer A. Kelliher, Esq. - 167492015
100 Southgate Parkway
Morristown, NJ 07962-1997
Tel.: (973) 538-4006
Fax: (973) 538-5146
racohen@pbnlaw.com
jakelliher@pbnlaw.com
*Attorneys for Defendant Huhtamaki Americas, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA SERRA,<br><br>               Plaintiff,<br><br>        v.<br><br>CHINET, THE CHINET BRAND, HUHTAMAKI, HUHTAMAKI AMERICAS, INC., THE STOP & SHOP SUPERMARKET #2818, THE STOP & SHOP SUPERMARKET #0860, THE STOP & SHOP SUPERMARKET #0888, THE STOP & SHOP SUPERMARKET COMPANY LLC., THE STOP & SHOP SUPERMARKET LLC., THE STOP & SHOP COMPANY LLC., AHOLD DELHAIZE USA, INC., JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), ABC CORPS. 1-10 (fictitious parties), TUV PAPER PRODUCT MANUFACTURERS 1-10 (fictitious parties), XYZ PAPER PRODUCT DISTRIBUTORS 1-10 (fictitious parties) ,<br><br>              Defendants. | **Removed from New Jersey Superior Court, Law Division, Essex County**<br>**Docket No. ESX-L-1938-22**<br><br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

**NOTICE TO CLERK OF SUPERIOR COURT OF FILING OF**
**NOTICE OF REMOVAL**

TO:    Clerk, Superior Court of New Jersey

7075419

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. §1446, Defendant, Huhtamaki Americas, Inc., has removed this action from the Superior Court of New Jersey, Essex County, Law Division, to the United States District Court for the District of New Jersey, Newark Vicinage.  Attached hereto as **Exhibit A** and made a part hereof is a copy of the Notice of Removal that was filed in the United States District Court for the District of New Jersey.

Dated:  September 2, 2022

PORZIO, BROMBERG & NEWMAN, P.C.
Attorneys for Defendant Huhtamaki Americas Inc.

By:      _s/Roy Alan Cohen_
          Roy Alan Cohen, Esq.
          Jennifer A. Kelliher, Esq.
          Attorneys of the Firm
          100 Southgate Parkway
          Morristown, NJ 07962-1997
          Tel.: (973) 538-4006
          Fax: (973) 538-5146
          racohen@pbnlaw.com
          jakelliher@pbnlaw.com

7075419

### CERTIFICATION OF SERVICE

I hereby certify that on this date a copy of the foregoing was served upon counsel for

Plaintiff, by electonric filing on eCourts and eletronic mail addressed as follows:

> Peter J. De Frank, Esq.
> De Frank Law Group
> 50 Packanack Lake Road
> Wayne, NJ 07470
> pdefrank@defranklawgroup.com
> ecourts@defranklawgroup.com

DATE: September 2, 2022

*/s/ Roy Alan Cohen*
ROY ALAN COHEN, ESQ.

3

7075419